No. 47545.—Protest 32789–K of Semon Bache & Co. (New York).

Opinion by OLIVER, P. J.   A sample received in evidence consists of a circular piece of glass, button-like in appearance, ruby red in color, and about ⅞ of 1 inch in diameter and approximately ¼ of 1 inch in height at the apex.   It is convex on the upper surface and concave on the under side, the upper surface being smooth and the under side gilded.   The assistant treasurer testified in behalf of the plaintiffs and the examiner testified in behalf of the defendant. It was fairly established by this testimony that the chief use of the articles is on bolts that are used to securely hold license plates on automobiles, that their use is primarily ornamental, and that they are impractical for any illuminating purpose.   It is contended by the plaintiffs that the case of United States v. Horni (27 C. C. P. A. 316, C. A. D. 106) is controlling in this case.   However, the court was of the opinion that the button-like article in the present case is entirely different from that in the cited case in that it is neither an illuminating article nor one that is used in connection with artificial illumination, that no light passes through it, and that it does not "pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes," citing

*Solomon* v. *United States* (13 Ct. Cust. Appls. 353, T. D. 41256). It was therefore found that the glass articles under consideration are not properly dutiable as illuminating articles for use in connection with artificial illumination, as classified. One of the claims of the plaintiffs is that the articles are faceted, but the plaintiffs have failed to meet the burden of establishing this fact, and a most casual examination shows that they are not faceted within the ordinary meaning of that term. It was held that notwithstanding the showing that the collector's classification is wrong, the plaintiffs failed to prove the correctness of their claims. The protest was therefore overruled without affirming the action of the collector.